UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE: )<br>    **DEBORAH A. HOSTETTER** )<br>)<br>    **Debtor** ) | **BANKRUPTCY CASE NO.**<br>**04-60973-JK** |
| **MBNA AMERICA BANK, N.A.** )<br>)<br>    **Plaintiff** )<br>)<br>vs. )<br>)<br>**DEBORAH A. HOSTETTER** )<br>)<br>    **Defendant** ) | **ADVERSARY CASE NO.**<br>**04-6084** |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT**

Plaintiff, MBNA, by counsel, respectfully submits the following Memorandum in Support of the Motion for Entry of Default:

1. MBNA sought an order of nondischargeability pursuant to §523(a)(2)(A). The Supreme Court determined that when Congress used the term "actual fraud" in this section, it was referring to the general common law of torts. *Fields v. Manns*, 516 U.S. 59 (1995). To prove actual fraud, a creditor must establish each of the following elements: (1) that the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that

the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *In Re Eashi*, 87 F3d 1082 (9th Cir. 1995).

2.  In determining a debtor's subjective intent, the bankruptcy courts have adopted a "totality of the circumstances" test. These factors are: (1) the length of time between the charges made and the filing of bankruptcy; (2) whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made; (3) the number of charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges are made; (6) whether the charges were above the credit limit of the account; (7) whether the debtor made multiple charges on the same day; (8) whether the debtor was employed; (9) the debtor's prospects for employment; (10) financial sophistication of the debtor; (11) whether there was a sudden change in the debtor's buying habits; and (12) whether the purchases were made for luxuries or necessities. *In Re Doughty*, 84 B.R. at 657 (citing *In re Faulk*, 69 B.R. 743, 757 (Bankr.N.D.Ind. 1986).

In this case, the Debtor took out a $4,800.00 convenience check and charged an additional $208.85 between September 29, 2003 and November 4, 2003. See attached Exhibit "A" setting forth the history of charges. Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 7, 2004. Though the convenience check and charges are outside of the presumptive period, the debtor only made one $30.00 payment after opening this credit card account and taking the advances.

3.  In reviewing the debtor's schedules and account activity, the debt number and amount of charges in the 100 days leading up to bankruptcy were quite large. In addition to the charges made to MBNA's account, the debtor admitted in a reaffirmation agreement executed between the debtor and Bank of America, that she engaged in a "systematic withdrawal of the entire line of credit". See reaffirmation agreement filed with the court.

4.  In addition, according to Schedule I of the bankruptcy schedules, the debtor had a monthly income of $325.00. Her Statement of Financial Affairs shows her income was $400.00 in 2003 and $3000.00 in 2002. Her Schedule F shows $189,879.00 in unsecured debt. Clearly this amount compared to her income demonstrates that she had no intent of paying this back when she took out the cash advance.

5.  Also, the Debtor exceeded her credit limit in plaintiff's account by $574.70. Nothing on the petition for relief indicates that any of this was to pay down other debt for al lower interest rate and there are no preferences that appear on the Statement of Financial Affairs.

For these reasons, MBNA requests an order of nondischargeability pursuant to 11 U.S.C. §523(a)(2)(A).

Respectfully submitted,

HAWK, HAYNIE, KAMMEYER
& CHICKEDANTZ, LLP


By:   /s/W. Randall Kammeyer
W. Randall Kammeyer
Supreme Court I.D. #16439-49
803 South Calhoun Street
Fourth Floor Courtside Building
Fort Wayne, IN 46802
(260) 426-0770
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned, who is duly admitted to practice law in the State of Indiana and before this Court, hereby certifies that a copy of the above and foregoing was sent by first class United States mail, postage prepaid, on the 9th day of December, 2004, to:

Deborah Hostetter
195 Mallard Drive
Valparaiso, IN 46385-7947

U.S. Trustee
101 West Ohio Street
Suite 1000
Indianapolis, IN 4204

Walter E. Melion
205 Jefferson Street
Valparaiso, IN 46383

/s/W. Randall Kammeyer
W. Randall Kammeyer

4

Credit Card Statements - MBNA America  File Date: 03/07/2004

## Account Holder Information

**Acct Holder 1**
Name: DEBORAH A HOSTETTER
Address: 195 MALLARD DR
City/State/Zip: VALPARAISO, IN 46385-7947
SSN: 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

**Acct Holder 2**
Name:
Address:
City/State/Zip:
SSN:

## Statement Facsimile

Account Number: 5490-3532-0501-7360
Statement Date: 03/10/2004    Current Balance: $5,574.70    Credit Limit: $5,000.00

| Posting Date | Reference Number | Transaction Date | Description | CR | Amount |
|---|---|---|---|---|---|
| 03/10/2004 | 0005488 | 02/11/2004 | OVERLIMIT FEE | D | $29.00 |
| 03/10/2004 | 0005459 | 03/10/2004 | LATE FEE FOR PAYMENT D | D | $29.00 |
| 02/10/2004 | 0005375 | 01/13/2004 | OVERLIMIT FEE | D | $29.00 |
| 02/10/2004 | 0005346 | 02/10/2004 | LATE FEE FOR PAYMENT D | D | $29.00 |
| 01/12/2004 | 0005254 | 12/11/2003 | OVERLIMIT FEE | D | $29.00 |
| 01/12/2004 | 0005225 | 01/12/2004 | LATE FEE FOR PAYMENT D | D | $29.00 |
| 12/10/2003 | 0005141 | 11/11/2003 | OVERLIMIT FEE | D | $29.00 |
| 12/10/2003 | 0005112 | 12/10/2003 | LATE FEE FOR PAYMENT D | D | $29.00 |
| 11/10/2003 | 0005028 | 11/10/2003 | OVERLIMIT FEE | D | $29.00 |
| 11/10/2003 | 0004999 | 11/10/2003 | LATE FEE FOR PAYMENT D | D | $29.00 |
| 11/05/2003 | 7843286330900939307339 | 11/04/2003 | IFR DEEPDISCOUNTDVD | D | $94.46 |
| 10/31/2003 | 30462235032 | | PAYMENT - THANK YOU | C | ($30.00) |
| 10/13/2003 | 7045702328516738301420 | 10/11/2003 | THE DISNEY STORE 383 | D | $21.34 |
| 10/13/2003 | 7054751328511928401074 | 10/11/2003 | SEPHORA-OAKBROOK | D | $64.05 |
| 10/01/2003 | 65490353274000140834989 | 09/29/2003 | CHECK CHEC | D | $4,800.00 |
| 10/01/2003 | 65490353274000140834989 | 09/29/2003 | CHECK TRANSACTION FEE | D | $50.00 |



EXHIBIT "A"